# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DANIEL WILSON HARRIS, #173940** <br> Petitioner, | * |
| v. | *    **CIVIL ACTION NO. PWG-15-783** |
| **RICHARD D. DOVEY** <br> Respondent. | * |

\*\*\*\*\*

## MEMORANDUM

Petitioner Daniel Wilson Harris ("Harris") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, attacking his 1984 convictions in the Circuit Court for Fredrick County.[1] ECF No. 1. Respondent's limited answer to the petition and Harris's reply are pending. ECF Nos. 7 & 10. After review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons to follow, the petition shall be dismissed as time-barred.

### Background and Procedural History

Harris was convicted by a jury of first-degree murder and related handgun counts in the Circuit Court for Frederick County. *Harris v. State*, No. 1526, slip op. at 1 (Md. Ct. Spec. App. July 22, 2014), Pet. Ex. 3, ECF No. 1-3; State Ct. Docket, Resp. Ex. 1, ECF No. 7-1. He was sentenced to life plus ten years in prison by Judge Samuel W. Barrick on August 1, 1984.

---

[1] Harris claims that the jury failed to comply with Md. Code Ann., Criminal Law, § 2-302 (new language derived without substantive change from former Art. 27, § 412(a)), which requires that when a court or jury finds a person guilty of murder, the court or jury shall state in the verdict whether the person is guilty of murder in the first degree or murder in the second degree.

*Harris*, slip op. at 1; State Ct. Docket. The judgment of conviction was affirmed on direct appeal in April of 1985. *Harris*, slip op. at 1.

Respondent observes that Harris filed various post-judgment motions that were all filed after the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). A motion for post-conviction relief was filed in July of 2004. In 2005, the post-conviction court granted relief in part, permitting Harris to file a belated motion for modification of sentence and a belated application for review of sentence. *Harris*, slip op. at 1 n.2. His motion to correct an illegal sentence was denied on May 11, 2005. State Ct. Docket. Subsequent pleadings were filed, including a motion to modify or reduce sentence, a motion to reopen post-conviction relief and motions to correct an illegal sentence. No relief was granted in Harris's favor. *Id.*

## Statute of Limitations

Pursuant to the enactment of the AEDPA, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations when seeking federal habeas relief. *See* 28 U.S.C. § 2244(d).[2] Harris, whose conviction became final in 1985, had one year from the

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

effective date of AEDPA to file his petition in this Court. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997, for convictions that became final prior to April 24, 1996).

This petition was, however, not filed until February 23, 2015, approximately eighteen years after the limitations period expired. No state post-conviction petition was pending to statutorily toll the limitation period under § 2244(d)(2) from April 24, 1996 to April 24, 1997. Thus, this petition was filed well outside the one-year statute of limitations period.

Harris concedes that the judgment became final well over a year before he filed his petition. Reply 3. Yet, citing § 2244(d)(1)(D)'s provision that the statute of limitations begins to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Harris insists that the statute of limitations did not begin to run until October 22, 2014, when the Maryland Court of Appeals denied the certiorari petition that Harris filed after he "discovered through reasonable diligence" on "around June 12, 2012" that "Maryland Article 27§412(a) now Maryland Criminal Law Code §2-302, mandatory due process language had been violated in that the jury never orally announced the degree of murder in their verdict as required," and "the trial judge, defense attorney, or prosecuting attorney [did not] take exception to this due process violation." *Id.* Significantly, Petitioner did not learn what the jury "orally announced" in 2012; he heard the jury's verdict in 1984. Rather, in 2012, he learned the

---

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

law that he feels has been violated. The law is not "the factual predicate" of his claim, and his discovery of the law is not relevant to the statute of limitations. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[I]gnorance of the law is not a basis for equitable tolling.").

In his reply, Harris also appears to argue that he is entitled to have his claims heard under the equitable tolling and miscarriage of justice exceptions. Reply 4–6. He asserts that under *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), it would be unjust for respondent to be permitted to rely on a "politically created procedural rule to cover up what is clearly a violation of the United States [C]onstitution 14th Amendment due process clause." *Id.* at 4, 6.

The Fourth Circuit consistently has held that a party seeking to avail itself of equitable tolling must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Additionally, the movant must show that he employed reasonable diligence in investigating and bringing his claims. *See Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005). Stated differently, to be entitled to equitable tolling a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). As noted, "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004); *see Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). Harris plainly has failed to show that he pursued his rights diligently, and he does not provide a rare and exceptional circumstance for tolling the limitation period.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held that federal courts have equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition. *Id.* at 1934. The miscarriage of justice exception to a procedural bar exists when a prisoner makes "a credible showing of actual innocence." *Id.* at 1931. "[T]enable actual-innocence gateway claims are rare." *Id.* at 1928. The petitioner must satisfy the *Schlup* standard, by demonstrating that "'a constitutional violation .. probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 321, 326 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. The actual innocence exception has a very "narrow scope" and "is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *see Bousley v. United States,* 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Harris has not made the requisite showing under *McQuiggin* and *Schlup* to warrant application of the miscarriage of justice exception to the statute of limitations bar. He has not

5

shown his actual innocence, *see McQuiggin*, 133 S. Ct. at 1931; he simply has not brought forth any new evidence of innocence, *see Schlup*, 513 U.S. at 316. He did not advance his claim within a reasonable time of its availability, and thus is not entitled to equitable tolling. *See McQuiggin*, 133 S. Ct. at 1934. His petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed with prejudice.

## Certificate of Appealability

In *Slack v. McDaniel*, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). Harris does not satisfy this standard, and I decline to issue a certificate of appealability.

A separate order will issue.

Date: November 20th, 2015

Paul W. Grimm
United States District Judge